IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

SARAH A. MCPHERSON,

        Plaintiff,

v.

        Case No. 1:14-cv-01156-JDT-egb

JOHN REMON WENZEL, *et al.*,

        Defendants.

## REPORT AND RECOMMENDATION

Immediately before this Magistrate Judge[1] is the motion to dismiss [D.E. 25] of Defendant Eugene Quinn ("Quinn").

### Relevant Background

On July 2, 2004, the *Pro se* Plaintiff Sarah A. McPherson filed her lawsuit on the standard legal form titled Complaint for Violation of Civil Rights under 42 U.S.C. § 1983. In specific response to a question on this form regarding previous lawsuits she had filed, the Plaintiff answered that she had sued these same four defendants, Quinn, John Remon Wenzel, Richard Curtis Litman, and Peter Loffler on August 8, 2009 and further

---

[1] This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, April 29, 2013.)

that the case was dismissed without prejudice on September 9, 2009.

The defendant Quinn, through his attorneys states that Plaintiff's complaint here concerns the same patent application she filed in 1995, and that the present lawsuit is the eleventh attempt — during more than a decade's time — that this Plaintiff has brought lawsuits against various defendants. Quinn asserts this District Court allowed Plaintiff to amend her original suit, and after her fifth amended complaint, permitted her a voluntary dismissal. During the ensuing years, defendant Quinn further states Plaintiff has brought a series of similar suits against a variety of defendants, making "largely incomprehensible allegations based on the same subject matter of the original lawsuit." Quinn correctly points out that each of these suits, except for the newest four suits filed in 2014 — which includes the instant case — have been dismissed because of Plaintiff's filing abuses of meritless claims.

Significant in this review of the 2014 filings by Plaintiff is the *McPherson v. Litman et al* case (1:09-cv-01214-JDB-egb) decided November 30, 2009 wherein District Court Judge J. Daniel Breen ordered that Plaintiff McPherson shall not file any other case in federal court in which she seeks to assert a claim concerning the patents at issue in case numbers 09-1130, 09-

1164, 09-1191, or 09-1214; or concerning the legal services provided by any named defendant in the 09-1214 case or by attorneys Lester L. Hewitt, Paul E. Krieger, Charles C. Garvey, or John R. Wenzel, concerning those patents. Further, the Court Clerk was directed not to open any new case concerning these matters. Any documents submitted by Ms. McPherson to open a new case in violation of this order were to be returned to her without filing. The Court threatened further sanctions if violated and then provided that Plaintiff was not prevented from filing lawsuits <u>wholly unrelated</u> to the patents at issue in these particular cases or concerning legal services by the named lawyers.

On April 2, 2010, U.S. District Judge James D. Todd reaffirmed these restrictions imposed upon the Plaintiff. *See McPherson v. Doll et al,* 09-1191 [D.E. 8].

The Court now considers the four matters of Plaintiff now pending before this Court *seriatim*:

**14-1156 (the instant case)**: This lawsuit was filed by Sarah A. McPherson on July 2, 2014, against John Remon Wenzel, Richard Curtis Litman, Peter Loffler, and Eugene Quinn. The brief pleading asks the court to review the evidence and seeks to recover her property which was fraudulently taken from her.

**14-1200**: McPherson v. Bupp et al. Suit was filed August 18, 2014 against defendants Heather Bupp a/k/a Heather Christine Bupp-Habuda, Jonathon Ward Dudas, and David J. Kappos. While this suit references "civil rights," Plaintiff's only claims concern allegations of forgery associated with patent grants and the theft of her intellectual property. There are pending motions to dismiss by defendants [D.E.s 19, 21].

**14-1262**: Filed October 6, 2014, McPherson v. Lester L. Hewitt, the Estate of Howard Roy Berkenstock, Jr., Paul Edward Krieger, and Charles C. Garvey. In this case the allegations appear to be legal malpractice, although she mentions hate crime and theft. She also alleges that defendant Berkenstock "added a strap" to her drawings so he could claim control of her intellectual property, the attorneys misused her power of attorney, destroyed her trademark, copyrights and patent and other allegations concerning her intellectual property claims. There is a Motion to Dismiss Action Without Leave to Amend and Deny Any Appeal in Forma Pauperis filed by the Estate of Howard Roy Berkenstock, Jr. *et.al.* that is pending [D.E. 8]

**14-1338**: Filed December 12, 2014, McPherson v. John J. Doll, Joshua E. Potter. Michelle Lee, Richard C. Litman, Eugene Quinn, and Patrick Donahue. Plaintiff points out that Doll, along with Potter was in her 2009 lawsuit (09-1171) that was dismissed.

Plaintiff asked to review her old evidence, as well as new evidence to the court, to include probate matters. There are motions to dismiss by numerous Defendants [D.E.s 8,9, 17].

## Report and Recommendation

Each of these four 2014 cases land squarely within the prohibitions established by two District Judges and undeniably violates their orders. As such, this Magistrate Judge reports and recommends that the motion to dismiss [DE. 25] filed in the instant case be GRANTED.

This Court also recommends the U.S. District Court *sua sponte* dismiss the remaining defendants in the instant case and in the three 2014 cases (14-1200, 14-1262, and 14-1338), each filed in violation of the same orders of the District Court.

Furthermore, this Magistrate Judge recommends the Plaintiff be fined an amount the District Court deems appropriate for her continued violations of the orders of this Court.

Finally, the undersigned recommends that the Plaintiff be prohibited from filing any new case in this Court without leave of the Court. In the interest of economy, it is further recommended that the Court Clerk not accept any new case filings from the Plaintiff without written permission from the Court stating that the new filing(s) do not violate the Court's previous orders.

A copy of this Report and Recommendation will also be filed in case numbers 14-1200, 14-1262, and 14-1338.

Respectfully Submitted this 12th day of March, 2015.

**s/Edward G. Bryant**
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATIONS MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**